IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAUL H. ALLRED et al.,
   *Plaintiffs*,

v.

INNOVATIVE BROKERAGE
NETWORK,
   *Defendant*.

Civil Action No. ELH-17-1365

**MEMORANDUM**

This case arises from the contentions of plaintiffs Paul H. Allred and "American Health and Finance" ("AHF"), to the effect that defendant Innovative Brokerage Network ("IBN") breached a Distributor Agreement (the "Agreement") between the parties. *See* ECF 30 (Amended Complaint), ¶¶ 4-9. A copy of the Agreement was docketed at ECF 13-1 in connection with an earlier motion to transfer venue, which this Court denied. ECF 18 (Memorandum); ECF 19 (Order).

Pursuant to the Agreement, "[p]laintiffs were to sell insurance policies [on behalf of defendant] and receive a commission from the sales of same." ECF 30, ¶ 4. The Agreement, which is dated September 24, 2014, does not indicate a finite duration. *See* ECF 13-1 at 2. However, it provides, *id.*: "This Agreement may be terminated by either party for any reason or no reason upon 90 days prior written notice to the other party, unless agreed by both parties . . . ."

IBN has filed a motion for partial summary judgment under Fed. R. Civ. P. 56, seeking judgment as to plaintiffs' claim for breach of contract, set forth in Count I of the Complaint.

ECF 20.[1]  The motion for partial summary judgment is supported by a memorandum of law (ECF 20-1) (collectively, "Motion"), as well as the Affidavit of Justin C. Snapp (ECF 20-2) and several exhibits. ECF 20-3, ECF 20-4, ECF 20-5. Plaintiffs oppose the Motion (ECF 21), and have submitted a memorandum of law (ECF 22, "Opposition"). They have also submitted the Affidavit of Paul Allred (ECF 22-12) and several other exhibits. ECF 22-1 to ECF 22-11. IBN replied. ECF 27 ("Reply").

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017). The nonmoving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The judge's "function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir 2016). Thus, in considering a summary judgment motion, the court may not make credibility determinations. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007). Moreover, in the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate because it is the function of the factfinder to resolve

---

[1] Since the motion for partial summary judgment was submitted, plaintiffs have filed an Amended Complaint. ECF 30. However, Count I and the facts supporting it are the same in both versions.

factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

Essentially, defendant argues that the Agreement was terminated, at the latest, in May 2015, and that therefore plaintiffs' claims as to a breach of contract occurring in and after November 2015 must fail because no contract existed at that time. ECF 20-1 at 1-4. Justin C. Snapp, the Managing Principal of IBN, avers in his Affidavit that on February 4, 2015, IBN, through Snapp, terminated the Agreement with Allred and memorialized the termination in a letter emailed to Allred on February 10. ECF 20-2, ¶¶ 6, 7. Because the Agreement contained a termination period of 90 days, which was never waived by plaintiffs, Snapp maintains that the Agreement terminated on May 5, 2015. *Id.* ¶ 9.

Plaintiffs argue that this timeline omits a vital element of the parties' history. ECF 22 at 4. In particular, plaintiffs contend that about a week after Snapp corresponded with Allred concerning a termination of the Agreement, Snapp reopened negotations to continue the parties' relationship. *See* ECF 22 at 4-5; *see also* ECF 22-1 at 1 (email chain between Allred and Snapp). Moreover, the Allred asserts in his Affidavit that the parties never actually terminated the Agreement during the relevant period, and that the relationship continued under the same Agreement until at least March 2016. ECF 22-12, ¶¶ 2-3.

In its Reply, IBN insists that the Agreement *did* terminate, and that the relationship continued under a different contract. ECF 27 at 3. IBN maintains that by acknowledging receipt of Snapp's letter announcing the termination of the contract, plaintiffs concede that the Agreement was terminated. *Id.* at 2-3. IBN is mistaken. In light of Allred's Affidavit, plaintiffs clearly dispute this point. *See* ECF 22-12, ¶¶ 2. Moreover, the language of the Agreement

seems to indicate that termination is effective after 90 days' notice, but nothing in the termination clause suggests that such a notice of termination is irrevocable.  *See* ECF 13-1 at 2.

Accordingly, it is apparent that there is a genuine dispute of material fact regarding whether the Agreement remained in force after May 5, 2015.  As a result, I cannot grant IBN judgment as a matter of law.  *See Harmoosh*, 848 F.3d at 238.

I also note that, as plaintiffs point out, discovery had not yet begun when the Motion was filed.  *See* Docket; *see also* ECF 22 at 6-7.  Indeed, it is still ongoing.  *See* ECF 34.  Thus, even if I had not found a dispute of material fact as to this question, I would not be inclined to grant summary judgment at this early stage.  *See E. I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).  What the Court said in *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014), is apt here: "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask."

## I. Conclusion

For the reasons stated above, I shall DENY defendant's Motion.  ECF 20.

An Order follows.

Date: April 3, 2018

/s/
Ellen Lipton Hollander
United States District Judge