**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Baltimore Division)**

|  |  |  |
|---|---|---|
| **PAUL H. ALLRED** | * | |
| | * | |
| and | * | Case No.: 17-cv-01365-ELH |
| | * | |
| **AMERICAN HEALTH AND FINANCE** | * | |
| | * | |
| **Plaintiffs** | * | |
| | * | |
| v. | * | |
| | * | |
| **INNOVATIVE BROKERAGE NETWORK** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SECOND AMENDED COMPLAINT

TO THE HONORABLE, THE JUDGE OF SAID COURT:

Plaintiffs, Paul H. Allred and American Health and Finance, by their counsel, Chad Edward Cos and Chad Edward Cos, LLC, hereby file their Complaint against Defendant Innovative Brokerage Network and respectfully state as follows:

## JURISDICTION

1. Plaintiff, Paul H. Allred ("Allred") is a person who has resided in Maryland and Baltimore County for over one year.

2. American Health and Finance ("AHF") is a Maryland corporate entity in the business of insurance sales in the State of Maryland and Baltimore County.  AHF has been doing business in the State of Maryland and Baltimore County for over one (1) year.

3. Defendant Innovative Brokerage Network ("IBN") is an insurance brokerage company domiciled in St. Louis, Missouri, doing business in the State of Maryland and in Baltimore County,

1

Maryland.

## FACTS

4. On or about September 24, 2014, Plaintiffs and Defendant entered into a "Distributor Agreement." Plaintiffs were to sell insurance policies and receive a commission from the sales of same. *See* Plaintiffs' Exhibit 1, September 24, 2014 Distributor Agreement.

5. On or about that same date, September 24, 2014, Defendant IBN emailed Plaintiffs a copy of the parties' commission schedule, and IBN's representative stated, "I have also attached the previously agreed upon compensation grid for your reference."

6. Paragraph 5 of the Distributor Agreement specifies that Plaintiffs are entitled to compensation with "respect to business written through or referred to IBN…"

7. Throughout the course of dealings between the parties, IBN paid commissions to Allred and AHF for work performed under the Distributor Agreement. The commissions due and paid to Allred and AHF varied between 30% and 40% of the targetable commission due for each respective client.

8. Plaintiffs employed a number of agents who worked with Allred and AHF in selling insurance policies for the benefit of IBN.

9. On or about February 4, 2015, the parties had a dispute which resulted in Defendant IBN sending a termination letter on or about February 10, 2015.

10. By February 13, 2015, notwithstanding the prior termination letter, IBN Managing Principal Justin Snapp wrote Allred and AHF, "I have to admit, after our last couple conversations I feel more optimistic about working together than I have in some time. I hope you see now that we why we were trying to connect with you to address some real concerns. With that being said, is there any way to salvage the relationship? Let me know your thoughts?"

Case 1:17-cv-01365-ELH   Document 50-1   Filed 06/22/18   Page 3 of 9

11. On or about February 14, 2015, IBN, specifically Justin Snapp, wrote Plaintiffs and promised "an additional 5 points" for "current pending and future F&G business."

12. In short, within only days, the termination letter rescinding the Distributor Agreement of the parties was itself rescinded and the parties continued business together by and through their initial Distributor Agreement along with Justin Snapp's further promise and IBN's consideration of "an additional 5 points" for "current pending and future F&G business."

13. F&G stands for Fidelity & Guarantee.  With the additional "5 points" promised and agreed to by Justin Snapp of IBN and Plaintiffs, Plaintiffs were ultimately due 30% commissions on all F&G cases and clients.

14. Well into March 2016, Plaintiffs and Defendant continued their business relationship under not only the Distributor Agreement and but Snapp's promise of an additional "5 points," as well.

15. Suddenly, and without cause, IBN refused to pay Allred and AHF commissions as agreed under the Agreement as had been done customarily up until November 2015.

16. At the time IBN stopped making commission payments, as agreed to Plaintiffs, Allred and AHF were due $153,662.00 in earned commissions for no fewer than a dozen (12) separate clients.

17. To Plaintiffs' best information, knowledge and belief, all commissions currently due Plaintiffs involved policies involving "F&G."

18. As of the date of this Complaint, IBN has made no further payments to Allred or AHF, due under the September 2014 Agreement, and still owes Plaintiffs the full amount due of $153,662.00.

19. Plaintiffs, via counsel, have made several demands for payment and have attempted to resolve this matter on several occasions.  To date, IBN and its management haven't had the courtesy of even responding.

20. Later in the parties' relationship, IBN and Justin Snapp insisted Plaintiffs execute essentially

an "Assumption of Liability" which grants the prevailing party in this matter attorney's fees.

## COUNT I
(Breach of Contract)

21. Plaintiffs incorporate by reference, pursuant to Md. Rule 2-303(d), paragraphs 1 through 20 of this Complaint.

22. On September 24, 2014 Plaintiffs and Defendant entered into a contractual agreement, whereby Defendant agreed to pay Plaintiffs commissions for the sale of life insurance policies to third parties.

23. Moreover, on or about February 14, 2015, IBN, specifically Justin Snapp, wrote Plaintiffs and promised "an additional 5 points" for "current pending and future F&G business."

24. Plaintiffs performed as agreed upon and sold no fewer than a dozen (12) policies to clients for which Plaintiffs have not been paid their rightful, earned commissions.

25. By failing and refusing to pay the amounts and commissions owed pursuant to the Distributor Agreement of the parties, the commission schedule of the parties, and the further February 14, 2015 promise of increased commissions, Defendant IBN has materially breached the September 2014 Distributor Agreement along with its modification of February 14, 2015.

26. Due to Defendant's breach, Plaintiffs have suffered damages in excess of the principal amount of $153,662.00 owed them.

27. At all times relevant to this Complaint, Plaintiffs and Defendant operated under the September 24, 2014 Distributor Agreement between the parties, the commission schedule of the parties, and the February 14, 2015 of increased commissions for "F&G business."

28. At the time of Defendant's refusal to make commission payments, as agreed, to Plaintiffs, the Distributor Agreement was in full force and effect, as were the commission

schedule and further February 14, 2015 promise of increased commissions.

29. Defendant's refusal to pay Plaintiffs their earned commissions is willful and wrongful.

WHEREFORE, Plaintiffs Paul H. Allred and American Health and Finance requests that this Honorable Court enter judgment against IBN, and in favor of Allred and American Health and Finance in the amount of $153,662.00 plus prejudgment interest, costs, and attorney's fees, along with such further relief the Court deems just and proper.

## COUNT II
(Unjust Enrichment)

30. Plaintiffs hereby incorporate each and every allegation as set forth in paragraphs one (1) through twenty-nine (29) as if fully restated herein.

31. A benefit was conferred upon IBN when Allred and AHF obtained and procured clients by and through the contractual agreement between the parties, earning hundreds of thousands of dollars for IBN.

32. IBN was aware of the benefit being conferred by Allred and AHF and accepted the benefits of Plaintiffs' procurement of clients and insurance sales.

33. IBN's refusal to remit compensation to Allred and AHF for the commissions earned and the work performed has allowed IBN to be unjustly enriched through the retention of earned commissions and profits earned by and provided by Allred and AHF.

34. Equity requires that IBN remit payment rightfully owed Allred and AHF for the work and earned commissions provided to IBN. It would be unconscionable for IBN to retain the benefit of Plaintiffs' services without justly compensating Plaintiffs for same.

WHEREFORE, Plaintiffs Paul H. Allred and American Health and Finance requests that this Honorable Court enter judgment against IBN, and in favor of Allred and American Health and Finance in the amount of $153,662.00 plus prejudgment interest, costs, and attorney's fees, along

with such further relief the Court deems just and proper.

## **COUNT III**
(Implied Contract)

35. Plaintiffs hereby incorporate each and every allegation as set forth in paragraphs one (1) through thirty-four (34) as if fully restated herein.

36. On or about February 10, 2015, Defendant claims it terminated the September 24, 2014 Distributor Agreement, referenced herein, by serving Notice on Allred.

37. Inexplicably, however, the parties continued working under the same terms and conditions of the September 24, 2014 Distributor's Agreement with Allred and AHF continuing to procure contracts of insurance for IBN, for which they were compensated as they had been under the Distributor Agreement. This continued for many, many months.

38. Moreover, after the alleged rescission, Defendant not only continued with the Distributor Agreement of the parties, but actually increased Plaintiffs' commissions on a number of sales and policies.

39. Further, Defendant IBN continued paying Allred and AHF commissions as specified herein, specifically 30% of all F&G business. These payments continued uninterruptedly through March 2016.

40. During the relationship of the parties, through March 2016, Defendant produced commission statements, delivered them to Plaintiffs, and ultimately paid those commissions due to Plaintiffs.

41. It is the position of the Plaintiffs that the September 24, 2014 Distributor Agreement was never rescinded and that the parties continued their contractual relationship long thereafter.

42. Alternatively, Plaintiff avers that even if the September 24, 2014 Distributor Agreement had been rescinded, an implied contractual relationship was created, and continued, with the identical

6

terms, conditions, and commission schedule as had been practiced before the purported "rescission." Allred continued procuring clients for IBN and IBN continued paying Allred and AHF commissions in the identical commission levels as it had prior to February 2015.

43. Whether IBN "rescinded" the underlying Distributor Agreement is, in fact, immaterial. IBN's continuation under the same terms, conditions, promises, reliance; and, the fact that it continued paying Plaintiffs their earned commissions, as it had prior to February 2015, constitutes a continuing contractual relationship between the parties, at a minimum, implied-in-fact.

44. After Defendant's continued payment of commissions, for months and months, Plaintiffs had a reasonable expectation that they would be paid not less than $153,662.00 in commissions for insurance contracts initiated by Allred and AHF and serviced by IBN. Those commissions remain unpaid by Defendant.

WHEREFORE, Plaintiffs Paul H. Allred and American Health and Finance requests that this Honorable Court enter judgment against IBN, and in favor of Allred and American Health and Finance in the amount of $153,662.00 plus prejudgment interest, costs, and attorney's fees, along with such further relief the Court deems just and proper.

## COUNT IV
(Promissory Estoppel / Detrimental Reliance)

45. Plaintiffs hereby incorporate each and every allegation as set forth in paragraphs one (1) through forty-four (44) as if fully restated herein.

46. IBN, its ownership, and agents, promised Plaintiffs that they would be justly compensated in the form of paid commissions for procuring insurance business for its company.

47. Allred and AHF continued to procure insurance business for IBN, to Allred's and AHF's detriment; at their time and considerable expense.

48. But for Defendant's promises of not only commissions, but increased commissions for work

with F&G, Plaintiffs would have secured another relationship with one of IBN's competitors.

49. Allred and AHF incurred a loss of commissions, time and expense as they had been promised compensation for their work on behalf IBN. IBN did not deliver on its promise to compensate Plaintiffs for their work and effort by paying Plaintiffs agreed commissions.

50. Before Allred and AHF embarked upon their work for IBN, they relied upon IBN's promise of commission payments for their work, and they were reasonable in relying upon same.

51. IBN, in fact, paid Allred and AHF a great number of commission payments after IBN's purported February 2015 Distributor Agreement rescission. Defendant voluntarily increased said commissions due Plaintiffs after the purported "rescission."

52. The promises of IBN were answered by Allred and AHF in a definitive and substantial manner.

53. Justice requires the enforcement of the promises made by IBN to Plaintiffs AHF and Allred.

54. It would be unconscionable for Defendant to profit financially and benefit from the hard work and time of Plaintiffs. It would be unconscionable for Defendant to essentially pocket Plaintiffs' earned commissions.

55. But for the promises of IBN, Plaintiffs could have, and would have, secured work with other companies producing insurance. Plaintiffs were denied this right because they justifiably relied upon the words and deeds of Defendant.

WHEREFORE, Plaintiffs Paul H. Allred and American Health and Finance requests that this Honorable Court enter judgment against IBN, and in favor of Allred and American Health and Finance in the amount of $153,662.00 plus prejudgment interest, costs, and attorney's fees, along with such further relief the Court deems just and proper.

Respectfully submitted,

\_\_/S/\_\_Chad Edward Cos_____
Chad Edward Cos, Esquire
Federal Bar No. 26897
Chad Edward Cos, LLC
8101 Harford Road
Baltimore, Maryland 21234
(410) 780-0328

*Attorney for Plaintiffs*